# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 5, 2017

```
* * * * * * * * * * * * * *
LAUREN BARRETT,                  *        No. 15-998V
                                 *
              Petitioner,        *        Special Master Sanders
                                 *
v.                               *        Dismissal; Human Papillomavirus
                                 *        ("HPV") Vaccine; Nerve Damage.
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * *
```

Michael A. London, Douglas & London, P.C., New York, NY, for Petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 10, 2015, Lauren Barrett ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered from nerve damage as a result of the administration of a human papillomavirus virus ("HPV") vaccine on October 10, 2012. Pet. 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On June 5, 2017, Petitioner moved for a decision dismissing her claim. Pet'r's Mot. Dismiss, ECF No. 29. Petitioner conceded that "[a]n investigation of the facts supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1. Petitioner filed this motion without an

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("Vaccine Act" or "the Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

objection from Respondent. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that her alleged injury was caused by the HPV vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master